CC-97-570                                                                                            1

En el Tribunal Supremo de Puerto Rico

| Carlos Jiménez Lugo | |
|---|---|
| Recurrido | |
| | Certiorari |
| Vs. | |
| | 98TSPR123 |
| María Reyes Ramírez | |
| Peticionaria | |

Número del Caso: CC-97-570

Abogado Parte Peticionaria:    Lcdo. Raymond L. Sánchez Maceira

Abogado Parte Recurrida:       Lcdo. Wilfredo R. Picorelli Osorio

Tribunal de Instancia: Superior de San Juan

Juez del Tribunal de Primera Instancia: Hon. César N. Cordero Rabell

Tribunal de Circuito de Apelaciones: Circuito Regional I San Juan

Panel Integrado por los Hons.:       Rossy García
                                     Negroni cintrón
                                     López Vilanovaáá

Fecha: 9/16/1998

Materia: Desahucio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Carlos Jiménez Lugo

      Demandante-recurrido

                              CC-97-570
         v.

María Reyes Ramírez

      Demandada-peticionaria



                        PER CURIAM


San Juan, Puerto Rico, a 16 de septiembre de 1998

                              I

     Los hechos que originan la controversia que hoy nos ocup
se remontan al año 1960, cuando la Sra. Carmen Lydia Vier
Reyes, hija de la aquí demandada peticionaria, Sra. María Reye
Ramírez, compró una residencia en la Urb. Vistamar en Carolina
Posteriormente, Carmen Lydia Viera Reyes se casó con el Si
Raúl Díaz Díaz y construyó un segundo nivel a la propiedad. I
primer nivel sirvió de residencia para su señora madre, I
demandada peticionaria María Reyes Ramírez.   En el segund
nivel se acomodó Carmen Lydia Viera Reyes junto a su esposo
hijo.

El 2 de septiembre de 1970, Carmen Lydia Viera Reyes falleció sin haber dejado testamento.  Mediante Resolución de 7 de diciembre de 1976, el entonces Tribunal Superior, Sala de San Juan, declaró únicos y universales herederos a su hijo Raúl Díaz Viera y a su viudo Raúl Díaz Díaz en la cuota viudal usufructuaria que en su día le correspondiera.

Así las cosas, siendo el señor Díaz Viera un menor, quedó al cuidado de su abuela, la demandada peticionaria, María Reyes Ramírez quien, como ya expresáramos, vivía en los bajos de dicho inmueble.  Al llegar a la mayoría de edad, el señor. Díaz Viera reclamó sus bienes mediante una demanda de Reivindicación de Bienes Muebles e Inmuebles Heredados, Detentados por Terceros con fecha de 25 de agosto de 1987.[1] En esencia reclamó la posesión mediata del inmueble en controversia. El 13 de diciembre de 1988 el entonces Tribunal de Distrito, Sala de Carolina, emitió una sentencia en la cual <u>lo único que se estableció, por acuerdo de las partes involucradas</u> fue, que Díaz Viera era el dueño del inmueble.  Ordenó que así se hiciera constar en el Registro de la Propiedad.  Dispuso, además, que se inscribiera a favor del Sr. Raúl Díaz Díaz, padre de Díaz Viera, la participación en cuanto a la cuota usufructuaria del inmueble.  Cabe señalar que nada se dispuso en cuanto a la posesión inmediata de la demandada peticionaria María Reyes Ramírez.

---

[1] La acción civil fue instada contra la demandada peticionaria María Reyes Ramírez, y los señores Miguel Angel Viera Ramírez, Zoilo Viera Ramírez y sus respectivas sociedades legales de gananciales.

Alrededor de siete (7) años más tarde, mediante escritura pública suscrita el 26 de julio de 1995, el señor Díaz Viera vendió el inmueble al Sr. Carlos G. Jiménez Lugo, (demandante recurrido) quien inscribió su derecho en el Registro de la Propiedad.[2]   Este último ha estado llevando a cabo gestiones para que la demandada peticionaria María Reyes Ramírez le entregue la posesión de la primera planta o le pague un canon por su uso.   Esta se ha negado a lo solicitado.   Además, presentó en el Tribunal de Primera Instancia, Sala Superior de Carolina, un pleito sobre nulidad de transacción, pleito que aún está pendiente en dicho tribunal (Caso Núm. KAC-96-0033).[3]

El 20 de marzo de 1996 el demandante recurrido Jiménez Lugo instó un pleito de desahucio en precario contra la demandada peticionaria María Reyes Ramírez.   Pese a la oposición de ésta, el tribunal de instancia declaró con lugar el desahucio por la vía sumaria.   Fundó su decisión en que no había un aparente conflicto de título que derrotara el carácter sumario del procedimiento.   No obstante, le reconoció el derecho de retención que pudiera asistirle a ésta como edificadora de buena fe, a cuyos efectos le concedió un plazo de veinte (20) días para que presentara un desglose de las mejoras que alega le deben ser pagadas como edificante de buena fe y le hacen acreedora a retener la posesión del inmueble en controversia.

Inconforme, la demandada peticionaria María Reyes Ramírez acudió al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).   Sostuvo que ostenta la posesión del inmueble con el consentimiento del dueño, su nieto el señor Díaz Viera desde el año

---

[2]   Cabe mencionar que en la escritura de compraventa se tomaron las debidas providencias en torno a la cuota viudal usufructuaria que por derecho le correspondía al Sr. Raúl Díaz Díaz, padre del vendedor Díaz Viera.

[3]   En dicho pleito la demandada peticionaria María Reyes Ramírez alegó que la compraventa celebrada entre el señor Jiménez Lugo y su nieto señor Díaz Viera es nula ya que nunca hubo consentimiento del padre de este último, quien a su vez tiene inscrito a su favor la cuota viudal usufructuaria en el Registro de la Propiedad.   También sostuvo que es poseedora de buena fe y que por ende le cobija el derecho a

1960.  Adujo que durante ese tiempo realizó mejoras a la propiedad, incluyendo el pago de la hipoteca que gravaba la misma.  Expresó, además, que existe un conflicto de título el cual debe ser dilucidado en un juicio plenario.  Finalmente, señaló que conforme a las disposiciones del Art. 382 del Código Civil, 31 L.P.R.A. sec. 1468, le deben ser pagados todos los gastos útiles en los que incurrió.

A los fines de garantizar el ejercicio de su función revisora, el Tribunal de Circuito ordenó la paralización del desahucio.  Luego de evaluar las posiciones de las partes, dicho tribunal resolvió: que la demandada peticionaria María Reyes Ramírez no era poseedora de buena fe del inmueble en controversia y que no existía conflicto de títulos que ameritara la tramitación del desahucio mediante un procedimiento ordinario.

Inconforme con el dictamen y después de denegada la reconsideración, la demandada peticionaria acudió ante nos y alegó la comisión de los errores siguientes:[4]

> ERRÓ MANIFIESTAMENTE EL HONORABLE TRIBUNAL DE CIRCUITO DE APELACIONES AL DETERMINAR QUE LA PETICIONARIA ES POSEEDORA DE MALA FE SIN BRINDAR A ÉSTA UNA OPORTUNIDAD DE PRESENTAR PRUEBA EN EL TRIBUNAL DE PRIMERA INSTANCIA SEGÚN LO REQUIERE LA SECCIÓN 2826 DEL TÍTULO 32 DE L.P.R.A. [SIC].[5]

La demandada peticionaria sostuvo que el Tribunal de Circuito incidió al concluir, sin el beneficio de la celebración de una vista

---

retención de la propiedad, según dispone el Art. 382 del Código Civil, 31 L.P.R.A. sec. 1468.

[4]     El señor Jiménez Lugo compareció a este Tribunal mediante moción de 6 de febrero de 1998.  En esencia nos indicó que desde junio de 1997, la demandada peticionaria ya no vive en el inmueble en controversia´, por lo que entiende que es fútil toda gestión en cuanto al desahucio.

Mediante moción de 17 de febrero de 1998, la demandada peticionaria María Reyes Ramírez tildó de falsa la alegación de Jiménez Lugo de que ésta ya no ocupaba la propiedad objeto de controversia. Señaló que para evitar el contacto con el señor Jiménez Lugo, no pasaba mucho tiempo en la misma.  Aclaró, sin embargo, que tenía interés en que la controversia se resolviera en los méritos.

[5]     Como segundo señalamiento de error, la demandada peticionaria María Reyes Ramírez alegó lo siguiente:

evidenciaria en el Tribunal de Primera Instancia, que era poseedora de mala fe.  Le asiste la razón.

II

El concepto de posesión, en su acepción de derecho real, se define como la posesión que tiene la apariencia de dominio; es la posesión de una persona, como si fuera el titular de la cosa o derecho.  Puig Peña, Federico, Compendio de Derecho Civil Español, Derecho Reales II, Vol. 2, 3ra. ed., Madrid, 1976, pág. 349.

Nuestro Código Civil, en su Art. 360, reconoce dos clases de posesión: la posesión natural, la cual define como "la tenencia de una cosa o el disfrute de un derecho por una persona" y la posesión civil, la cual incluye la misma tenencia o disfrute de la cosa, pero "unidos a la intención de haber la cosa o derecho como suyos".  31 L.P.R.A. sec. 1421.

Según dispone el Art. 362, supra, 31 L.P.R.A. sec. 1423, "la posesión en los bienes y derechos puede tenerse en uno de dos aspectos: o en el de dueño, o en el de tenedor de las cosas o derechos para conservarlos o disfrutarlos, perteneciendo el dominio a otra persona".

La posesión en nombre del dueño, es una que integra una posesión natural, que aunque está protegida por los interdictos, nunca servirá de base para adquirir el dominio. Peña Puig, Id. a la pág. 360.[6]

Con estos principios en mente, procedemos a resolver el asunto ante nos.

---

ERRO EL HONORABLE TRIBUNAL DE CIRCUITO DE APELACIONES AL DETERMINAR QUE NO EXISTE UN CONFLICTO DE TÍTULOS QUE AMERITA LA TRAMITACIÓN DEL DESHAUCIO MEDIANTE UN PROCEDIMIENTO ORDINARIO.

Conforme surge de la relación de hechos, la controversia planteada en este segundo señalamiento de error, la cual está íntimamente relacionada con conflicto de título, fue planteada en pleito independiente por la demandada peticionaria ante el Tribunal de Primera Instancia, Sala Superior de Carolina, en el Caso Civil Núm. KAC-96-0033, sobre nulidad de compraventa.  Tal acción fue presentada antes de la demanda de desahucio en precario (la cual también se relaciona con conflicto de título) y aún está pendiente ante dicho tribunal.  En vista de ello, resulta improcedente atender la misma.

III

Como ya expresáramos, la demandada peticionaria María Reyes Ramírez sostiene que incidió el Tribunal de Circuito al concluir, ausente de prueba, que ella no era poseedora de buena fe.

Por su parte, el Tribunal de Circuito resolvió que ésta perdió la condición de buena fe a partir de la sentencia que se dictara por estipulación en la acción de reinvindicación en la cual reconoció que el señor Díaz Viera, su nieto, era el único titular del inmueble en controversia.  Incidió al así resolver.

Será poseedor de buena fe el que ignora que en su título o modo de adquirir exista vicio que lo invalide.  Art. 363, supra, 31 L.P.R.A. sec. 1424.  La buena fe se presume siempre, y al que afirma la mala fe de un poseedor le corresponde destruirla con prueba suficiente.  Véase, Art. 364, supra, 31 L.P.R.A. sec. 1425.  Además, según Castán Tobeñas, la mala fe requiere que el tribunal declare su existencia.  Castán Tobeñas, J., Derecho Civil Español Común y Foral, Vol. I, 12ma. Ed., Madrid, 1981, pág. 604.

Finalmente, el Art. 382, supra, 31 L.P.R.A. sec. 1468, dispone que los gastos necesarios se abonan a todo poseedor; pero sólo el de buena fe podrá retener la cosa hasta que se los satisfagan.

Los gastos útiles se abonan al poseedor de buena fe con el mismo derecho de retención, pudiendo optar el que le hubiese vencido en su posesión por satisfacer el importe de los gastos o por abonar el aumento de valor que por ellos haya adquirido la cosa.  Véase, además, Marín v. Montijo, 109 D.P.R. 269 (1979).

A tenor con los argumentos esbozados, es ineludible concluir que la buena fe siempre se presume, a menos que quien afirme lo contrario destruya la presunción con prueba suficiente; y por ser una cuestión de hecho es al tribunal a quien corresponde en última instancia declarar si en realidad existe la mala fe.

---

[6]     Es posesión natural la tenencia de una cosa o el disfrute de un derecho por una persona.

En el presente caso la buena fe de la demandada peticionaria María Reyes Ramírez nunca ha sido cuestionada, y nunca fue discutida en el pleito de reivindicación, ni siquiera fue planteada en dicho procedimiento la posesión inmediata; tanto fue así que incluso ésta permaneció viviendo la propiedad sin objeción alguna de su nieto.

En vista de lo anterior y en armonía con los argumentos esbozados, procedía entonces que el Tribunal de Circuito devolviese el caso al foro de instancia para que celebrara una vista plenaria y dilucidara, conforme a la prueba ofrecida, si la demandada peticionaria era o no poseedora de buena fe. Como corolario de lo anterior, debe determinarse si tiene entonces el derecho a retener la posesión del inmueble hasta tanto se le compense por las mejoras que alega haber efectuado al mismo. A tenor con las circunstancias muy particulares de este caso, resolver de otra manera atentaría contra los conceptos más básicos de hacer justicia en los tribunales.

"El Derecho no puede llevar a un resultado absurdo ni a un resultado injusto y debemos convencernos de que cuando nos lleva a este resultado es porque hemos seguido un camino equivocado, porque hemos errado en nuestros razonamientos." (Énfasis nuestro.) J. Vallet de Goytisolo, Panorama de Derecho Civil, ed. Bosch, 1963, pág. 85.

IV

Por los fundamentos antes expuestos procede que se dicte sentencia revocando la resolución emitida por el Tribunal de Circuito de Apelaciones que declaró que la demandada peticionaria María Reyes Ramírez era poseedora de mala fe. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para que continúe con los procedimientos de forma consistente con lo aquí resuelto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Jiménez Lugo

    Demandante-recurrido

                            CC-97-570
     v.

María Reyes Ramírez

    Demandada-peticionaria

SENTENCIA

San Juan, Puerto Rico, a 16 de septiembre de 1998

Por los fundamentos antes expuestos se dicta sentencia mediante la cual se revoca la resolución emitida por el Tribunal de Circuito de Apelaciones que declaró que la demandada peticionaria María Reyes Ramírez era poseedora de mala fe. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de San Juan, para que continúe con los procedimientos de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre con el resultado. Además, entiende que la presente ponencia no amerita ser publicada como opinión Per Curiam. El Juez Asociado señor Hernández Denton concurre con el resultado sin opinión escrita.

                         Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo