Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MAGDALENA PÉREZ ROSARIO Y ROSA MARÍA PEÑA PÉREZ<br><br>*Recurridas*<br><br>v.<br><br>SUJEIDY LÓPEZ ANDALUZ<br><br>*Peticionaria* | KLAN202300835 | Apelación acogido como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV03453 (701)<br><br>Sobre: Desahucio por Incumplimiento |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2023.

Comparece la señora Sujeidy López Andaluz (señora López Andaluz o peticionaria) mediante recurso de Apelación, el cual acogemos como *certiorari* por ser el recurso adecuado para la revisión del dictamen recurrido[1], y nos solicita la revisión de la *Resolución* emitida y notificada el 5 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el aludido dictamen, el TPI declaró *No Ha Lugar* una solicitud de relevo de sentencia presentada por la peticionaria. El recurso de epígrafe fue acompañado por una *Moción en Auxilio de Jurisdicción* en la que se solicitó la paralización de los procedimientos ante el foro primario.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *certiorari* y declaramos **No Ha Lugar** la *Moción en Auxilio de Jurisdicción.*

---

[1] Por motivos de economía procesal, hemos decidido conservar la designación alfanumérica asignada por la Secretaría de este Tribunal.

Número Identificador
RES2023_____

**I.**

El 21 de junio de 2023, la señora Magdalena Pérez Rosario y la señora Rosa María Peña Pérez (en conjunto, recurridas) presentaron una *Demanda*[2] sobre desahucio en contra de la peticionaria. En síntesis, alegaron haber suscrito con la peticionaria un contrato de arrendamiento con opción a compra de una propiedad inmueble por la cantidad de $385.00 mensuales. Además, señalaron que la peticionaria les adeuda la suma de $2,387.75 por concepto de canon de arrendamiento.

El 19 de julio de 2023, se celebró *Vista de Conferencia Inicial* a la que comparecieron ambas partes por derecho propio. Según surge de la *Minuta*[3], transcrita el 20 de julio de 2023, el TPI determinó que, en efecto, las recurridas son dueñas de la propiedad en controversia. Además, consignó que la peticionaria se sometió a la jurisdicción, aceptó la deuda, pero sostuvo que no era justo que se le ordenara desalojar la propiedad luego de haber invertido en ella.

Así las cosas, el 19 de julio de 2023, notificada el 21 de julio de 2023, el TPI emitió *Sentencia*[4] en la que declaró Con Lugar la demanda instada por las recurridas. En consecuencia, ordenó a la peticionaria el desalojo de la propiedad, sin establecer deuda, toda vez que las recurridas, libre y voluntariamente, condonaron la misma. El foro primario estableció una fianza de $500.00 para procedimientos apelativos.

Posteriormente, el 21 de agosto de 2023, la peticionaria, sin someterse a la jurisdicción, presentó una *Moción Urgente Asumiendo Representación Legal y de Nulidad de Sentencia (Regla 49.2 de Proc. Civil)*[5]. Adujo que procede la nulidad de la sentencia debido a falta de parte indispensable en el pleito. Particularmente, alegó que el

---

[2] Véase apéndice del recurso, págs. 53-54.
[3] Véase apéndice del recurso, págs. 39-41.
[4] Véase apéndice del recurso, pág. 38.
[5] Véase apéndice del recurso, págs. 23-32.

documento titulado *Contrato de Arrendamiento con Opción a Compra*[6], fue suscrito por personas que no fueron incluidas en el pleito. Además, señaló que, aunque la peticionaria compareció a la vista celebrada ante el TPI, lo hizo sin haber sido emplazada adecuadamente y en desconocimiento de sus derechos. Particularmente, alegó que a la peticionaria no se le entregó copia de la demanda.

El 5 de septiembre de 2023, el TPI emitió y notificó una *Resolución*[7] en la que declaró *No Ha Lugar* el relevo de sentencia solicitado por la peticionaria.

Inconforme, el 20 de septiembre de 2023, la peticionaria comparece ante nos y señala los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al no determinar que la Sentencia dictada es nula, bajo las disposiciones de la Regla 49.2, por falta de jurisdicción sobre la persona de la demandada, resultado de un emplazamiento deficiente en el cual faltó la entrega de copia de la demanda.

> Erró el Honorable Tribunal de Primera Instancia al no determinar que la Sentencia dictada es nula, bajo las disposiciones de la Regla 49.2, por falta de parte indispensable por la parte demandante, al no incluir la demanda a un supuesto titular del inmueble sobre el cual versa la acción de desahucio.

> Erró el Honorable Tribunal de Primera Instancia al no determinar que la Sentencia dictada es nula, bajo las disposiciones de la Regla 49.2, por falta de parte indispensable por la parte demandada, al no incluir la demanda a uno de los contratantes, inquilino en el arrendamiento y optante en la opción a compra del inmueble sobre el cual versa la acción de desahucio.

En esta misma fecha, presentó una *Moción en Auxilio de Jurisdicción* en la que solicitó la paralización de los procedimientos.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones[8].

---

[6] Véase apéndice del recurso, págs. 55-63.
[7] Véase apéndice del recurso, págs. 5-6.
[8] 4 LPRA Ap. XXII-B, R. 7.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[9]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[10]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[11]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[12].

La Regla 40 del Reglamento del Tribunal de Apelaciones[13], establece los criterios que este foro debe tomar en consideración al entender o no en los méritos los asuntos planteados mediante un recurso de *certiorari*. La aludida regla dispone lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[9] Véase *Torres González v Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[10] *Íd.*
[11] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia*, *supra*, pág. 91 (2001).
[12] *Íd.*
[13] 4 LPRA XXII-B, R. 40.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia[14]. A esos efectos, el Tribunal Supremo expresó que:

> Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia[15].

**-B-**

En lo pertinente a la controversia que nos ocupa, el Tribunal Supremo de Puerto Rico ha establecido que el desahucio es un procedimiento especial de naturaleza sumaria, cuya finalidad es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente[16]. Este procedimiento es regulado por el Código de Enjuiciamiento Civil de Puerto Rico, cuyas normas determinan el curso a seguir en las acciones de desahucio[17].

El procedimiento sumario de desahucio persigue principalmente recobrar la posesión de un inmueble por quien tiene derecho a ella[18]. A modo de excepción, cuando la demanda se fundamenta en la falta de pago del canon o precio convenido, es

---

[14] *IG Builders et al. v. BBVAPR, supra*, pág. 339.
[15] *Íd.*
[16] Véase, *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234-235 (1992); *Mora Dev. Corp. V. Sandín,* 118 DPR 733, 749 (1987); *C.R.U.V. v. Román,* 100 DPR 318, 321 (1971); *Fernández & Hno. V. Pérez,* 79 DPR 244 (1956).
[17] 32 LPRA sec. 2821, *et seq.*
[18] *Fernández & Hno. v. Pérez, supra*, págs. 247-248.

posible acumular en el mismo procedimiento judicial, una acción en cobro de dinero[19]. En estos casos no se admitirá otra prueba que no sea el recibo o cualquier otro documento en que conste haberse verificado el pago[20].

En casos apropiados el demandado puede presentar otras defensas afirmativas íntimamente relacionadas con la causa del desahucio, de forma tal que el procedimiento se torne en ordinario[21]. Ello, en reconocimiento de que el derecho de dominio no es de atribución absoluta de su titular, y puede ceder ante intereses sociales de orden superior.

### III.

Tras examinar el dictamen recurrido a la luz de las disposiciones de la Regla 40 de nuestro Reglamento, *supra,* entendemos que no procede nuestra intervención con la determinación impugnada. Ante los hechos que presenta este caso, no consideramos que la determinación del foro primario haya sido arbitraria, caprichosa o que haya lesionado el debido proceso de ley de la peticionaria. En consecuencia, no vemos razón alguna para intervenir con el dictamen emitido por el TPI.

### IV.

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari* y declaramos **No Ha Lugar** la *Moción en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] 32 LPRA sec. 2829.

[20] *Íd.*

[21] Véase, *Mora Dev. Corp. v. Sandín, supra,* págs. 747-748; *Jiménez v. Reyes,* 146 DPR 657 (1998); *Turabo Ltd. Partnership v. Velardo Ortiz, supra,* a la pág. 245.