Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ADALBERTO LÓPEZ TORRES Y OTROS<br><br>RECURRIDO<br><br>V.<br><br>HOGAR SANACIÓN, LLC. Y OTROS<br><br>PETICIONARIOS | KLCE202500563 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.: HU2024CV00498<br><br>Sobre: Cobro de Dinero – Ordinario y Otros |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece ante nos, Hogar Sanación LLC, (en adelante, "la parte peticionaria"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 21 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante la referida determinación, dicho tribunal declaró *No Ha Lugar* la "*Moción para Solicitar la Conversión al Trámite Ordinario,*" presentada por la parte peticionaria. Todo, dentro de un pleito sobre desahucio sumario y cobro de dinero entablado por Adalberto López Torres, por sí y representación de sus hermanas Adilsa, Adaline y Adamari de apellido López Torres, (en lo sucesivo, en conjunto, "la parte recurrida").

Por los fundamentos que expondremos a continuación, se *expide* el auto de *certiorari* y *revocamos* el dictamen recurrido.

### I.

El 8 de mayo de 2024, la parte recurrida, presentó "*Demanda Enmendada*".[1] En esencia, alegó que el 11 de mayo de 2017 otorgó junto a la parte peticionaria un contrato de arrendamiento. Sostuvo que,

---

[1] La demanda original fue presentada el 17 de abril de 2024.

mediante este, arrendó a la referida parte dos (2) propiedades sitas en Humacao. Sin embargo, alegó que la parte peticionaria incumplió desde agosto de 2022 con los cánones de arrendamiento pactados. De igual modo, instó una causa de acción en contra de New Beginning Inc., (en adelante, "New Beggining") por alegadamente encontrarse subarrendando las propiedades en controversia sin contar con la debida autorización para ello. En virtud de lo expuesto solicitó que las partes demandadas fueran condenadas a satisfacer una suma total de $39,000; más intereses; costas; gastos; y honorarios de abogado. Asimismo, peticionó que se ordenara el desahucio de las partes demandadas. [2]

En respuesta, el 3 de junio de 2024, la parte peticionaria presentó "*Contestación a Demanda, Reconvención y Demanda Contra Tercero*".[3] En la misma negó las principales alegaciones de la demanda. En lo atinente, dentro de sus defensas afirmativas se encuentra la excepción del contrato no cumplido. Como parte del escrito, instó una causa de acción en contra de David Ramírez Rodríguez (en adelante, "señor Ramírez"). Sostuvo que la parte recurrida y el tercero demandado responden de forma solidaria a la parte peticionaria por los daños y perjuicios ocasionados mediante mala fe, dolo y falsas representaciones relacionados con el contrato suscrito el 11 de mayo de 2017. Particularizó, que la parte recurrida había ocultado información esencial sobre el estado de las propiedades y los gravámenes que las gravaban y que impedían desde un principio en el contrato que se pudieran vender las propiedades a la parte peticionaria según se había suscrito en el

---

[2] El Tribunal de Primera Instancia señaló *Vista Inicial* el 16 de mayo de 2024. El 9 de mayo de 2024 el Tribunal de Primera Instancia dejó sin efecto la vista señalada para el 16 de mayo de 2024 y se reseñaló para el 29 de mayo de 2024. Luego, el 22 de mayo de 2024 el foro primario dejó sin efecto la vista pautada para el 29 de mayo de 2024 y se reseñaló, para el 6 de junio de 2024. El 6 de junio de 2024 el Tribunal de Primera Instancia dejó sin efecto la vista señalada para ese día. Luego, el 13 de noviembre el foro primario señaló vista para el 15 de noviembre de 2024.

[3] El 22 de octubre de 2024 el Tribunal de Primera Instancia notificó una Sentencia. Mediante esta, desestimó por completo la demanda contra tercero presentada por la parte peticionaria. Así las cosas, el 31 de enero de 2025 a través del caso KLAN202401037, este Tribunal modificó la sentencia del foro de instancia. Consecuentemente, desestimó la demanda contra tercero, únicamente, en contra de la Sociedad Legal de Bienes Gananciales que aducidamente estaba compuesta por Adalberto López Torres y por el señor Ramírez. De modo que, se mantuvo la causa de acción instada en contra del señor Ramírez.

contrato. Además, adujo que presentó un plano de mejoras a la parte recurrida y dicha parte lo aprobó a sabiendas de que las mejoras no se podrían capitalizar una vez decidiera ejercer su derecho a opción de compra. A raíz de lo anteriormente expuesto solicitó al foro primario que le ordenara a la parte recurrida pagar en su favor la cantidad total de un millón veinte mil dólares (1,020,000.00) en concepto de daños y perjuicios.

En la misma fecha, la parte peticionaria presentó "*Moción para Solicitar la Conversión al Trámite Ordinario*". Sostuvo que durante el trámite del litigio de desahucio sumario se presentaron controversias que ameritan que el pleito se dilucide por la vía ordinaria. Tales como que la parte recurrida hizo falsas representaciones e incumplió con su parte de vender la propiedad cuando la parte peticionaria recurrió a ejercer su derecho a opción. Cónsono con lo anterior, reiteró que la parte recurrida ocultó gravámenes que tenía la propiedad en controversia. En consecuencia, alegó que tales incumplimientos le ocasionaron daños y perjuicios. Añadió, que bajo la excepción del contrato no cumplido tiene derecho a permanecer en las propiedades y no ser desahuciada.

El 12 de junio de 2024, la parte recurrida presento "*Oposición a Moción de Conversión al Trámite Ordinario*". Alegó que el gravamen no era pertinente mencionarlo con anterioridad o posterioridad al otorgamiento del contrato al esto no cambiar los deberes y obligaciones de la parte peticionaria de pagar la renta. Añadió que la parte peticionaria fue la única que incumplió con los términos del contrato, por lo cual es necesario que el caso se continue dilucidando por la vía sumaria.

Así las cosas, el 18 de septiembre de 2024, New Beginning presentó una "*Contestación a Demanda Enmendada*". En la misma, negó las principales alegaciones de la demanda, en cuanto a no ser parte del contrato de arrendamiento. Reiteró todas las defensas levantadas por la parte peticionaria en la "*Contestación a Demanda Enmendada*".

Posteriormente, el 1 de octubre de 2024, señor Ramírez presentó una "*Contestación a Demanda Contra Tercero*". Mediante esta, adujo que no fue partícipe ni formó parte del contrato de arrendamiento suscrito el 11 de mayo de 2017. A su vez, argumentó que no tiene derechos propietarios sobre la propiedad arrendada. Añadió que no acordó en vender la propiedad a la parte peticionaria y niega que haya influido en la contratación con la parte recurrida.

El 21 de mayo de 2025, el foro de instancia notificó la "*Orden*" que hoy nos ocupa. Mediante esta declaró *No Ha Lugar* la conversión del procedimiento a uno ordinario.

En desacuerdo, el 27 de mayo de 2025, la parte peticionaria presentó un recurso de *certiorari*. En su escrito señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia al resolver continuar el trámite del caso como un trámite sumario cuando la naturaleza procesal del caso es incompatible con dicho carácter sumario según lo ha establecido la jurisprudencia aplicable.

> Erró el Tribunal de Primera Instancia al negarles a las partes demandadas el debido proceso de ley en su vertiente procesal mediante la determinación de celebrar un juicio en su fondo de forma sumaria cuando el caso es complejo debido a la acumulación de partes y causas de acción que son compatibles con un trámite ordinario el cual no se ha seguido en este caso.

Dicho *certiorari* fue acompañado con una "*Urgente Moción en Auxilio de Jurisdicción*". En la misma solicitó que se paralizaran los procedimientos ante el tribunal de instancia, y, en consecuencia, que se dejara sin efecto el señalamiento del juicio en su fondo del 29 de mayo de 2025.

También en fecha de 27 de mayo de 2025, la parte recurrida presentó "*Oposición a Urgente Moción en Auxilio de Jurisdicción*". Mediante esta, arguyó que no existe una situación de extrema urgencia que ameritara la suspensión de los procedimientos.

En la misma fecha, este Tribunal emitió "*Resolución.*" Mediante esta, declaró *Ha Lugar* la "*Oposición a Urgente Moción en Auxilio de Jurisdicción,*" puesto que el foro primario ya había dejado sin efecto la vista en su fondo pautada para el 29 de mayo de 2025. A su vez, le indicó

a la parte recurrida que contaba con el término reglamentario para presentar su oposición al *certiorari.*

En cumplimiento de lo ordenado, el 3 de junio de 2025, la parte recurrida presentó "*Oposición a Expedición de Auto de Certiorari*".

Con el beneficio de ambas partes procedemos a esbozar el marco legal atinente al asunto ante nuestra consideración.

**II.**

**A.    *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto.

Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al*

*v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    Debido proceso de ley**

La Sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico le garantiza a todo individuo que no será privado de su propiedad o libertad sin un debido proceso de ley. *Art. II, Sec. 7, Const. ELA, LPRA, Tomo I.*

Dicho derecho cuenta con dos vertientes: la sustantiva y la procesal. *Zapata et al. v. Zapata et al.*, 156 DPR 278, 300 (2002). La dimensión sustantiva del debido proceso tiene como objetivo proteger los derechos fundamentales de las personas. *Rafael Rosario & Assocs. v. Familia*, 157 DPR 306, 329-330 (2002). En cuanto a su aspecto procesal, esta garantía exige al Estado que cualquier injerencia a la libertad o a la propiedad de un individuo se realice mediante un procedimiento que sea, en lo esencial, justo, equitativo y respetuoso de la dignidad de quienes resulten involucrados. *Rodríguez Rodríguez v. E.L.A.*, 130 DPR 562, 578 (1992). Para que se aplique la garantía del debido proceso en su dimensión procesal, debe estar en juego un interés personal relacionado con la libertad o la propiedad. *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265, 273-274 (1987).

Este derecho exige que todo proceso adversativo cumpla con ofrecer: "(1) notificación adecuada de la reclamación presentada; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra;

(5) tener asistencia de abogado, y (6) que la decisión se fundamente en el expediente". *Álvarez v. Arias*, 156 DPR 352, 365 (2002).

**C.    Desahucio**

El desahucio es un procedimiento especial de naturaleza sumaria cuya finalidad es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente sin pagar canon o merced alguna. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016); *Acosta et al. v. S.L.G. Ghigliotti*, 186 DPR 984, 989 (2012). Nuestro más Alto Foro ha reiterado jurisprudencialmente que el desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble". Íd.; véase también, Turabo Ltd. Partnership v. Velardo Ortiz, 130 DPR 226, 234-235 (1992).

El procedimiento sumario se distingue por reducir los plazos, a veces sin posibilidad de prórroga, y omitir algunos trámites de los procesos ordinarios, asegurando, no obstante, que las partes conserven una oportunidad legitima para ejercer su defensa. *Turabo Ltd. Partnership v. Velardo Ortiz*, supra, pág. 234.

En *Fernández & Hno. v. Pérez*, 79 DPR 244, 247-248 (1956), nuestro Tribunal Supremo señaló lo siguiente en relación a la naturaleza del proceso de desahucio sumario:

> La única función del procedimiento de naturaleza sumaria que establece la ley para el desahucio es recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. El beneficio de la economía y rapidez del trámite sumario se perdería si la acción no queda restringida a la consideración y resolución de la cuestión estricta para la que se ha creado: la recuperación de la posesión material en los casos determinados por la ley. De ahí que el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponden a la acción ordinaria y que el único pronunciamiento en la sentencia de desahucio es si procede o no ordenar el desalojo.[nota al calce omitida]

Dado que el desahucio es una acción posesoria de naturaleza sumaria, no es posible resolver en juicio disputas sobre el título de propiedad dentro de este procedimiento. *C.R.U.V. v. Román*, 100 DPR 318, 321 (1971). Es así que, "[s]i un demandado en desahucio produce

prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio." Íd, pág. 322. Es decir, de existir una posibilidad de titulo en favor de la parte demandada, se deberá celebrar un juicio declarativo ordinario. Íd, pág. 322. La conversión de los procedimientos esta supeditada al sano discernimiento judicial, luego de que se consideren los méritos de las defensas y los hechos alegados. *Turabo Ltd. Partnership v. Velardo Ortiz*, supra, pág. 245-246.

Es meritorio señalar, que nuestro más Alto Foro ha expresado que en el procedimiento de desahucio sumario no cabe ventilar reclamaciones de dinero que el arrendatario alegue tener contra el desahuciante por reparaciones o por cualesquiera otros conceptos. De igual modo, el referido Foro ha establecido que el procedimiento sumario no permite la presentación de reconvenciones o contra demandas. Asimismo, el Tribunal Supremo ha reconocido la suficiencia de la defensa de un arrendatario que aduce posesión de buena fe y derecho a retener la propiedad en controversia debido a las mejoras que ha efectuado en esta. Véase; *Jiménez v. Reyes*, 146 DPR 657, 663-665 (1998); *Mora Dev. Corp. v. Sandin*, 118 DPR 733, 749-750 (1987); y *Fernández Hno v. Pérez*, supra, pág. 248.

**III.**

En el recurso presente, la parte peticionaria señala como primer error que incidió el Tribunal de Primera Instancia al resolver que el litigio debe continuar a través del procedimiento de desahucio sumario. En específico, sostiene que bajo la excepción del contrato no cumplido tiene derecho a permanecer en la propiedad. Sobre este particular, argumenta que la parte recurrida hizo falsas representaciones e incumplió con su parte de vender la propiedad cuando la parte peticionaria recurrió a ejercer su derecho a opción. A su vez aduce que la parte recurrida le había ocultado los gravámenes de la misma. De otra parte, plantea como

segundo error que incidió el Tribunal de Primera Instancia al negarles a las partes demandadas el debido proceso de ley en su vertiente procesal. En lo pertinente, especifica que fue incorrecto tramitar el caso mediante un procedimiento sumario, ya que la presencia de múltiples partes y causas de acción hacía más adecuado un juicio ordinario.

En oposición, la parte recurrida alega que la existencia del gravamen no resulta relevante ya que no altera las obligaciones de la parte peticionaria en cuanto al pago de la renta. Además, señala que fue la referida parte la que incumplió las condiciones pactadas, por lo que corresponde que el asunto continúe resolviéndose mediante el procedimiento sumario.

Tras un análisis detallado y minucioso de la totalidad del expediente ante nuestra consideración, determinamos expedir el presente auto de *certiorari.* En consecuencia, revocamos el dictamen recurrido. Veamos.

Al responder la "*Demanda Enmendada*", la parte peticionaria alegó que la falta de pago de la renta fue consecuencia del incumplimiento contractual de la parte recurrida, quien se negó a reconocer una cláusula de derecho a opción de compra. A su vez, la parte peticionaria interpuso una reconvención por incumplimiento, basada en la excepción de contrato no cumplido. Además, instó una demanda contra tercero en la que sostuvo que la parte recurrida incurrió en falsas representaciones.

El Tribunal Supremo ha sido enfático en que el procedimiento sumario de desalojo se limita a la procedencia o no del desalojo de la propiedad ocupada en precario. Por consiguiente, en la acción sumaria deben limitarse la concurrencia de acciones o defensas. *ATPR v. SLG Volmar-Mathieu,* supra, pág. 10.

A pesar de que en el presente caso no existe un conflicto de título, las alegaciones y defensas presentadas por la parte peticionaria añaden complejidad al litigio y hacen improcedente su tratamiento por la vía sumaria. Según fue esbozado la parte peticionaria levanta como defensa

la excepción del contrato no cumplido; alega la existencia de falsa representación y peticiona una indemnización en daños y perjuicios. A ello se suma que, durante el trámite del pleito, se presentó una reconvención y una demanda contra un tercero, ampliando significativamente el ámbito de controversia y los sujetos procesales involucrados. Asimismo, según alega la parte peticionaria, la parte recurrida consintió expresamente en la realización de ciertas mejoras a la propiedad, lo que requiere un descubrimiento de prueba. Cabe destacar, además, que durante el trámite del caso se han suspendidos múltiples vistas y las partes han recurrido a este Tribunal en al menos dos ocasiones previas. Esto evidencia que el trámite sumario no resulta adecuado dado a las circunstancias particulares del caso. Estas circunstancias, en conjunto, demuestran que nos encontramos ante un caso que excede los parámetros establecidos para el trámite sumario, el cual está reservado para estrictamente la procedencia del desalojo de la propiedad. En vista de ello, en el presente caso hay unas concurrencias de defensas y de dilaciones que han desvirtuado la procedencia sumaria del desahucio.

Así pues, se hace necesario la celebración de un descubrimiento de prueba que ayude a las partes a sustentar sus alegaciones y defensas y por medio del cual se incentive la búsqueda de la verdad. Por lo cual, y en concordancia con la jurisprudencia vigente, corresponde que el caso se dilucide mediante el procedimiento ordinario.

En consecuencia, *expedimos* el auto de *certiorari* y *revocamos* la "*Orden*" recurrida.

**IV**.

Por los fundamentos expuestos, *expedimos* el auto de *certiorari,* a tenor de la Regla 40, *supra* y con ello revocamos la "*Orden*" recurrida. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad a lo aquí dictaminado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones