Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>RECURRIDOS<br><br>V.<br><br>MILPHA S. MADERA LUGO<br><br>PETICIONARIA | TA2026CE00061 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Yauco en Sabana Grande<br><br>Civil Núm.: PO2025CV02938<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

#### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece ante nos, la señora Milpha S. Madera Lugo (en adelante, "la peticionaria"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida y notificada el 7 de enero de 2026. Mediante esta, el foro primario declaró *No Ha Lugar* la *"Solicitud para que el Caso de Epígrafe se Remita a un Juicio Ordinario,"* presentada por la peticionaria. De igual modo, el referido tribunal denegó la reconvención y la demanda contra tercero, instadas por dicha parte, por estas ser incompatibles con los fines de un proceso de desahucio sumario. Todo, dentro de un pleito civil sobre desahucio en precario por la vía sumaria, instado por el Estado Libre Asociado de Puerto Rico ("ELA"), por sí y en representación del Departamento de Transportación y Obras Públicas ("DTOP"), en lo sucesivo, en conjunto, "la parte recurrida."

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

**I.**

El trámite procesal del presente caso tiene su origen en la *"Demanda de Desahucio,"* presentada el 17 de octubre de 2025 por la parte recurrida.[1] En síntesis, la referida demanda consiste en una causa de acción de desahucio - instada por la vía sumaria – en contra de la peticionaria. La parte recurrida fundamenta su reclamación en el aducido hecho de que la peticionaria posee ilegítimamente un predio de terreno que es propiedad del ELA. Sostuvo, que la peticionaria tenía un permiso provisional de arrendamiento expedido a su favor, el cual ya expiró. Particularizó, que el DTOP le notificó a la peticionaria que su permiso provisional no sería renovado y posteriormente le requirió que abandonara el predio de terreno. Sin embargo, adujo que dicha parte no desistió de su posesión y a su vez le adeuda cánones de arrendamiento. En virtud de lo alegado, solicitó que se declarara *Ha Lugar* la acción de desahucio en contra de la peticionaria.

Así las cosas, el 15 de diciembre de 2025, la peticionaria presentó una *"Solicitud para que el Caso de Epígrafe se Remita a un Juicio Ordinario."* Aseveró, que de las alegaciones contenidas en la *"Demanda de Desahucio,"* se desprenden unas relaciones y obligaciones contractuales complejas que ameritan que el presente pleito sea dilucidado mediante la vía ordinaria. Además, arguyó que posee la propiedad objeto de litigio de forma legítima en virtud de una relación contractual. A su vez, expuso que en este caso existe un conflicto de título que impide que el pleito continúe ventilándose por la vía sumaria.

---

[1] El 8 de enero de 2026, con autorización del foro primario, la parte recurrida presentó una *"Demanda Enmendada de Desahucio."* Esto, a los únicos fines de incluir como parte demandada a la corporación El Taburete Bar & Grill, Inc., quien opera el vagón de comida instalado por la peticionaria en los predios de terreno del ELA.

La demanda original contiene los siguientes anejos: *"Certificación Registral;" "Permiso Provisional;"* Tres (3) comunicaciones de las fechas de 9 de febrero de 2023, 7 de noviembre de 2023 y 6 de febrero de 2025; y una *"Certificación de Deuda."*

El 10 de enero de 2026, la peticionaria presentó *"Contestación a Demanda Enmendada de Desahucio"* e instó una *"Reconvención Enmendada."* Mediante la primera, aceptó que el ELA es dueño de la finca en controversia. No obstante, negó las alegaciones principales de la *"Demanda Enmendada de Desahucio."* Sostuvo, que tiene un derecho de retención sobre la propiedad en virtud de los dineros que invirtió en dicha finca y a tenor de que es edificante de buena fe. En cuanto a la *"Reconvención Enmendada,"* a través de esta, entabló una acción de daños económicos en contra del DTOP y el Municipio de Guayanilla. A su vez, incoó una demanda en contra del referido Municipio.

Al siguiente día, el foro primario celebró una vista en la que se pudo discutir, entre otras cosas, la viabilidad de la conversión de los procedimientos a un pleito ordinario.[2] A petición del tribunal de instancia, el 29 de diciembre de 2025, la parte de recurrida presentó su posición con relación a la solicitud de conversión de los procesos instada por la peticionaria. En esencia, se opuso al remedio solicitado. Indicó, que no existe el alegado conflicto de título, puesto que el ELA es dueño del predio de terreno y la peticionaria no tiene a su favor un título posesorio vigente.

En atención de los escritos presentados, el 7 de enero de 2026, el foro primario notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la *"Solicitud para que el Caso de Epígrafe se Remita a un Juicio Ordinario,"* presentada por la peticionaria. De igual modo, el referido tribunal denegó la reconvención y la demanda contra tercero, instadas por dicha parte, por estas ser incompatibles con los fines de un proceso de desahucio sumario.

En desacuerdo, el 10 de enero de 2026, la peticionaria presentó una *"Urgente Solicitud de Reconsideración."* La referida solicitud fue declarada *No Ha Lugar* por el foro recurrido a través de la "*Resolución Nunc Pro Tunc"* notificada el 14 de enero de 2026. Cabe añadir, que el foro primario señaló la vista de este procedimiento sumario para el día 25 de febrero de 2026.

Aun en desacuerdo, el 15 de enero de 2026, la peticionaria presentó una *"Petición de Certiorari"* ante este Tribunal. Mediante esta, esbozó los siguientes señalamientos de error:

> Erró EL TPI por pre juzgar y concluir que la demandada reconviniente [sic] no tiene un Derecho de Retención sobre la edificación que construyo con autorización del municipio de Guayanilla e inclusive a ciencia y paciencia de las agencias gubernamentales del Estado que inclusive expidieron un permiso de construcción para las facilidades del restaurante El Taburete Bar & Grill.

> Erró el TPI al no acceder a la conversión del caso de epígrafe a un proceso ordinario.

> Erró el TPI al no autorizar la Demanda contra Terceros contra el tercero demandado Municipio de Guayanilla.

---

[2] Véase *"Minuta"* notificada el día 29 de diciembre de 2025.

**II.**

**A.     Recurso de *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v*

*Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta

irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.      Procedimiento Sumario de Desahucio:**

El desahucio es un procedimiento especial de naturaleza sumaria cuya finalidad es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la detente sin pagar canon o merced alguna. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016); *Acosta et al. v. S.L.G. Ghigliotti*, 186 DPR 984, 989 (2012). Nuestro más Alto Foro ha reiterado jurisprudencialmente que el desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble". Íd.; véase también, *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992).

El procedimiento sumario se distingue por reducir los plazos, a veces sin posibilidad de prórroga, y omitir algunos trámites de los procesos ordinarios, asegurando, no obstante, que las partes conserven una oportunidad legitima para ejercer su defensa. *Turabo Ltd. Partnership v. Velardo Ortiz*, supra, pág. 234.

En *Fernández & Hno. v. Pérez*, 79 DPR 244, 247-248 (1956), nuestro Tribunal Supremo señaló lo siguiente con relación a la naturaleza del proceso de desahucio sumario:

> La única función del procedimiento de naturaleza sumaria que establece la ley para el desahucio es recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. El beneficio de la economía y rapidez del trámite sumario se perdería si la acción no queda restringida a la consideración y resolución de la cuestión estricta para la que se ha creado: la recuperación de la posesión material en los casos determinados por la ley. De ahí que el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponden a la acción ordinaria y que el único pronunciamiento en la sentencia de desahucio es si procede o no ordenar el desalojo. [nota al calce omitida]

Dado que el desahucio es una acción posesoria de naturaleza sumaria, no es posible resolver en juicio disputas sobre el título de propiedad dentro de este procedimiento. *C.R.U.V. v. Román*, 100 DPR 318,

321 (1971). Es así que, "[s]i un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio." *Id*, pág. 322. Es decir, de existir una posibilidad de título en favor de la parte demandada, se deberá celebrar un juicio declarativo ordinario. *Id*, pág. 322. La conversión de los procedimientos está supeditada al sano discernimiento judicial, luego de que se consideren los méritos de las defensas y los hechos alegados. *Turabo Ltd. Partnership v. Velardo Ortiz*, supra, pág. 245-246.

Es meritorio señalar, que nuestro más Alto Foro ha expresado que en el procedimiento de desahucio sumario no cabe ventilar reclamaciones de dinero que el arrendatario alegue tener contra el desahuciante por reparaciones o por cualesquiera otros conceptos. *Fernández Hno v. Pérez*, supra, pág. 248. De igual modo, el referido Foro ha establecido que el procedimiento sumario no permite la presentación de reconvenciones o contra demandas. *Id.* Asimismo, el Tribunal Supremo ha reconocido la suficiencia de la defensa de un arrendatario que aduce posesión de buena fe y derecho a retener la propiedad en controversia debido a las mejoras que ha efectuado en esta. Véase; *Jiménez v. Reyes*, 146 DPR 657, 663-665 (1998); *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749-750 (1987).

**III.**

La peticionaria recurre de una resolución interlocutoria emitida por el foro primario en un caso de desahucio sumario. En específico, la referida parte sostiene que incidió el foro recurrido al denegar su solicitud de conversión de los procedimientos. Ella entiende que ha levantado defensas que posibilitan que este pleito se ventile por la vía ordinaria. Al respecto, aduce que es edificante de buena fe; que la parte recurrida le debe indemnizar por los gastos de construcción incurridos; y que tiene derecho a retener la propiedad objeto de litigio.

Al examinar el recurso discrecional presentado ante esta Curia, determinamos denegar la expedición peticionada. Veamos.

Según expuesto, el desahucio sumario es un procedimiento expedito mediante el cual la parte demandante puede recuperar la posesión de un inmueble a través de un dictamen judicial que así lo autorice. Este procedimiento se distingue por no estar subsumido a los tramites procesales característicos de los procedimientos ordinarios. Muestra de ello, son los artículos 628 y 629 del Código de Enjuiciamiento Civil. Estos disponen que la parte contra la cual recaiga sentencia puede apelar el dictamen emitido en un término de cinco (5) días, lo que exime a dicha parte del término procesal ordinario de treinta (30) días. Véase, 32 LPRA sec. 2830-2831.

La agilidad que caracteriza a los procedimientos de desahucio sumario y su objetivo estricto de que la parte promovente recupere la posesión material de un bien, no permiten que durante el pleito se ventilen otras cuestiones colaterales. Ahora bien, existe la posibilidad de que el pleito sumario se convierta en un pleito de tramitación ordinaria. No obstante, la realización de la conversión de los procesos no se efectúa fuera de parámetro alguno. Los procesos se tramitarán por la vía ordinaria si el cambio no ocasiona dilaciones innecesarias y si la parte demandada establece un caso *prima facie* en su defensa. Véase, *Markovic v. Meldon y otro,* 2025 TSPR 99. Asimismo, la conversión de los procedimientos está supeditada al sano discernimiento judicial.

De otra parte, el auto de *certiorari* es un recurso discrecional que únicamente será expedido por este Tribunal si reúne algunos de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*. Es preciso reiterar, que en este caso la peticionaria recurre de una resolución interlocutoria emitida en un pleito de desahucio sumario. Este tipo de resolución no se encuentra contemplada entre las determinaciones interlocutorias que puede revisar este Tribunal a tenor de la precitada Regla

52.1, *supra*. Además, la determinación recurrida no adjudica algún asunto cuya espera del proceso apelativo constituya un fracaso a la justicia.

Ante las consideraciones anteriores, *denegamos* la expedición del auto de *certiorari* presentado.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones