Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| SONIA FRONTERA ROBLEDO<br><br>**Parte apelante**<br><br>v.<br><br>FRANCISCO FRONTERA ROBLEDO<br><br>**Parte apelada** | **TA2026AP00144** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Caso Núm.: **FA2025CV01039**<br><br>Sobre:<br><br>**DESAHUCIO EN PRECARIO** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nos, Sonia Frontera Robledo, en adelante, Sonia Frontera o apelante, solicitando que revisemos la *"Sentencia"* notificada por el Tribunal de Primera Instancia, Sala Superior de Fajardo, en adelante, TPI-Fajardo, el 3 de febrero de 2025. En la misma, el Foro Primario desestimó la demanda de la apelante sin perjuicio.

Por los fundamentos que expondremos a continuación, *confirmamos el dictamen apelado.*

**I.**

La apelante es la hermana de Francisco Frontera Robledo, en adelante, Francisco Frontera o apelado. El padre de ambos, Antonio Frontera Aymat, en adelante, causante. Este último suscribió un testamento abierto el 18 de junio de 2008, en el que designó a Sonia Frontera como fiduciaria testamentaria y albacea de todos sus bienes.[1] El 8 de enero de 2025 el causante falleció.[2]

---

[1] Apéndice del recurso, Entrada Núm. 1 de SUMAC, Anejo 2.
[2] *Íd.*, Entrada Núm. 1 de SUMAC, Anejo 1.

Posteriormente, el 7 de octubre de 2025, Sonia Frontera incoó una *"Demanda"* de desahucio contra Antonio Frontera.[3] En la misma, aduce que el apelado se apoderó de manera ilegal de una propiedad en el Municipio de Fajardo perteneciente al causante.[4] Por ello, solicitó que se ordenara el lanzamiento de este.

Por su parte, el 9 de enero de 2026, Francisco Frontera presentó una *"Moción de Desestimación"*, alegando que tiene un derecho de título igual o mejor que el de la apelante, por lo que no procede el desahucio.[5] La apelante se opuso a la petición de desestimación el 29 de enero de 2026.[6]

No obstante, el 3 de febrero de 2026, el TPI-Fajardo emitió una *"Sentencia"* en la que desestimó la demanda de desahucio de la apelante.[7] El Foro Primario concluyó que existe una controversia de título entre las partes que no puede ser dilucidada en el proceso sumario solicitado.

Inconforme, la apelante recurre ante nos mediante una *"Apelación Civil"*, en la que hizo los siguientes señalamientos de error:

**PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia al determinar que la mera existencia de una comunidad hereditaria autoriza a la parte demandada-apelada a apropiarse de manera violenta y clandestina de la posesión de un bien inmueble perteneciente al caudal hereditario, sin consentimiento y en perjuicio del derecho concurrente de la apelante.

**SEGUNDO ERROR:** Erró el Honorable Tribunal de Primera Instancia al resolver, en etapa de desestimación y dentro de un procedimiento sumario, controversias sustantivas sobre derechos hereditarios y titularidad que exceden el análisis permitido bajo la

---

[3] Apéndice del recurso, Entrada Núm. 1 de SUMAC.
[4] *Íd.*, Entrada Núm. 1 de SUMAC
[5] *Íd.*, Entrada Núm. 23 de SUMAC.
[6] *Íd.*, Entrada Núm. 26 de SUMAC.
[7] *Íd.*, Entrada Núm. 23 de SUMAC.

Regla 10.2 de las de Procedimiento Civil de Puerto Rico.

Este Tribunal emitió una *"Resolución"* el 12 de febrero de 2026 en el que concedió a la parte apelada hasta el 20 de febrero de 2026 para presentar su alegato en oposición. Llegado el día límite señalado, Antonio Fronteras radicó su *"Alegato en Oposición a Apelación"*. Además, ese mismo día presentó ante nos una *"Moción en Solicitud de Desestimación"*, el cual atenderemos en este escrito.

Perfeccionado el recurso de autos, procedemos a resolver.

**II.**

**A. Apelación Civil**

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento de prueba, vista evidenciaria, sentencia, reconsideración, apelación, y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la *apelación* se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). Véase, además, R. Hernández Colón,

Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de certiorari. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones, supra, pág. 22; Art. 4.006(a) Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y.

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior,* 81 DPR 554, 572 (1959).

### B. Desahucio

Nuestro Tribunal Supremo ha expresado en torno al desahucio que este es "el mecanismo que tiene el dueño o la dueña de un inmueble para recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna". *Mercovic v. Meldon y otro*, 2025 TSPR 99, 216 DPR ___ (2025); *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020); *Payano v. SLG Cruz-Pagán*, 209 DPR 876 (2022). El desahucio puede ser solicitado mediante un proceso sumario u ordinario. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). El procedimiento de desahucio sumario está reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016). Esta reglamentación responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido. *Mercovic v. Meldon y otro,* supra; *Cooperativa v. Colón Lebrón*, supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez*, supra, pág. 240. El objetivo de la acción de desahucio es recuperar la posesión de hecho de un bien inmueble. *ATPR v. SLG Volmar-Mathieu*, supra, pág. 10. Según el Art. 620 del Código de Enjuiciamiento Civil, *supra*, sec. 2821, las personas que pueden instar una acción de desahucio son los dueños de la finca, sus apoderados, los usufructuarios o cualquier otro que tenga derecho a disfrutarla y sus causahabientes.

Es preciso señalar que, mediante la Ley Núm. 86-2011, se enmendó el Artículo 629 del Código de Enjuiciamiento Civil, *supra*, sec. 2831, con el fin de reducir el término para apelar una sentencia de desahucio. Dicho Artículo dispone específicamente lo siguiente:

> Las apelaciones deberán interponerse en el término de cinco (5) días contados desde la fecha del archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

En el antes citado estatuto, el legislador plasmó la intención que:

> Las personas que optan por ofrecer sus viviendas para alquiler son selectivas en el proceso, con el fin de minimizar su riesgo como arrendador. A manera de ejemplo, una de las principales quejas de éstos es que el trámite de desahucio resulta muy extenso en los tribunales, debido a, entre otras cosas, constantes suspensiones, lo que resulta en consecuencias desfavorables para el arrendador.
>
> Exposición de Motivos, Ley Núm. 86-2011, *supra*.

Como bien se puede apreciar, el término jurisdiccional de treinta (30) días para apelar las determinaciones de los tribunales de primera instancia se redujo a cinco (5) días. Así, la sentencia de desahucio, de conformidad con el Artículo 630 del Código de Enjuiciamiento Civil, *supra*, es final y firme al expirar el término de cinco (5) días desde que se notifica la misma a los demandados.

Por otro lado, el Tribunal Supremo de Puerto Rico en *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 241 (1992), señaló que la necesidad de convertir el procedimiento sumario de desahucio se convierta en uno ordinario, no podía llevarlo a configurar una regla automática. A fin de cuentas, dentro del marco procesal sumario de la Ley de Desahucio, el sano discernimiento judicial será la guía para prorrogar términos, posponer señalamientos y permitir enmiendas a las alegaciones.

En consonancia con lo anterior, cuando un demandado bajo una acción de desahucio cuente con defensas afirmativas, puede solicitar la conversión del proceso a uno ordinario. *Jiménez v. Reyes*, 146 DPR 657 (1998); *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 747-748 (1987)". *ATPR v. SLG Volmar-Mathieu*, supra, pág. 10. Las defensas que puedan ser planteadas "deberán ser alegadas

oportunamente" para que no se "dilate[n] innecesariamente los procedimientos". Esta casuística arroja una sola conclusión: una vez esgrimidas estas defensas, el juzgador deberá auscultar sus méritos, los hechos específicos que se aducen y discrecionalmente ordenar la conversión del procedimiento al juicio ordinario". *Turabo Ltd. Partnership v. Velardo Ortiz*, supra, págs. 245-246.

Por último, [e]s doctrina general establecida por el Alto Foro, que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario en donde solo se adjudica la acción de recobrar la posesión de un inmueble por quien tiene derecho a ella. A tono con tal doctrina, si la parte demandada produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar el inmueble del cual se le lanza, o que tiene un título tan bueno o mejor que el del demandante, surge un conflicto de título que hace improcedente la acción de desahucio. Estas controversias deberán ser atendidas en el juicio declarativo correspondiente. Así, no se extenderá este principio a casos en donde no exista posibilidad de título en favor de la parte demandada. *C.R.U.V. v. Román*, 100 DPR 318, 321, 322 (1971).

### C. Desestimación

La Regla 10.2 de Procedimiento Civil, supra, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio y; (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo*, 2025 TSPR 55,

215 DPR ___ (2025); *Inmob. Baleares, et al. v. Benabe et al.*, 214 DPR 1109, 1128 (2024); *Rivera, Lozada v. Universal*, 214 DPR 1007, 1023 (2024); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1149 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Rivera, Lozada v. Universal*, supra, pág. 1023; *Blassino, Reyes v. Reyes Blassino*, supra, pág. 833; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.,* 210 DPR 384, 396 (2022); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715, 722 (2021). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios*, 214 DPR 284, 291 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018).

Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Cobra Acquisition v. Mun. Yabucoa et. al.*, supra, pág. 398; *López García v. López García*, supra, pág. 70. Esta Regla 10.2 (5), es de las de mayor complejidad en términos jurídicos, pues, una moción al amparo de esta se

fundamenta en que los hechos que alega la parte demandante, aun presumiéndose ciertos, no son suficientes como base para que se les conceda un remedio. Es decir, en efecto, procederá la desestimación si aun dando por cierto todos los hechos bien alegados del demandante, no se demuestra derecho a una reclamación. *Rivera, Lozada v. Universal,* supra, pág. 1023; *Blassino, Reyes v. Reyes Blassino*, supra, pág. 833; *Trinidad Hernández et al. v. E.L.A. et al.,* 188 DPR 828, 848 (2013).

### III.

La apelante del caso de autos solicita que revoquemos el dictamen que desestimó su demanda de desahucio contra el apelado. Alega que el TPI-Fajardo concluyó que, por existir una comunidad hereditaria entre las partes, Francisco Fronteras podía apropiarse ilegalmente de la casa objeto del lanzamiento. Sostiene que, por ser la albacea del testamento del causante, y administrar los bienes del caudal hereditario, tiene derecho a solicitar el desahucio del apelado. *No le asiste la razón.*

El derecho que encausa la controversia que aquí nos ocupa es clara y no permite interpretación contraria a la del Foro Primario. El procedimiento del desahucio sumario no procede contra un demandado que tiene un derecho titular sobre el inmueble. Como vimos, tanto los estatutos reseñados en el Código de Enjuiciamiento Civil, *supra*, así como la interpretación jurisprudencial de nuestro más Alto Foro ha establecido que cuando un demandado presente una defensa afirmativa que demuestre un título igual o mejor que el del demandante, lo que procede es la desestimación o, si el demando lo solicita, la conversión del pleito sumario a uno ordinario declarativo.

La contención de la apelante descansa en que el rol de albacea mejora su título sobre los bienes del caudal que administra. Sin embargo, nada en derecho lo sostiene. Lo cierto es

que las partes tienen un derecho abstracto sobre los bienes del caudal hereditario, ya que la comunidad no ha sido dividida. Es decir, en estricto derecho – con independencia de las dinámicas familiares negativas aludidas por la apelante – las partes del caso de marras tienen el mismo título sobre la propiedad en cuestión. Por ello, el TPI-Fajardo está impedido de lanzar de una propiedad a un individuo que ostenta un derecho real sobre el mismo.

Como explicáramos previamente, cuando el Foro Primario tiene ante sí una petición de desestimación, debe atenderla dando por ciertas las alegaciones bien hechas en la demanda. Aun cuando las alegaciones del petitorio de Sonia Fronteras sean ciertas, el título que presentó el apelado es suficiente para concluir que, mediante una acción sumaria de desahucio, no se puede conceder el remedio solicitado por la apelante.

Igualmente, la moción de desestimación presentada ante esta Curia se declara *"No Ha Lugar"*.

**IV.**

Por los fundamentos antes esbozados, *confirmamos el dictamen apelado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones