ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| Dolores Reyes Santaella<br><br>Apelada<br><br>v.<br><br>Omara Toledo Santana<br><br>Apelante | **TA2026AP00134** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2023CV02105(402)<br><br>Sobre: Desahucio en precario |
|---|---|---|

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Comparece ante este foro la señora Omara Toledo Santana (señora Toledo o "parte apelante") mediante recurso de *Apelación* y nos solicita la revisión de una *Sentencia Enmendada* emitida el 27 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la *Demanda* sobre desahucio en precario.

Por los fundamentos que expondremos, adelantamos que **CONFIRMAMOS** el dictamen recurrido.

## I.

El 19 de abril de 2024, la señora Dolores Reyes Santaella ("parte apelada") instó una *Demanda*[1] sobre desahucio en precario contra la señora Toledo. Alegó que entre las partes existió un *Contrato de Arrendamiento*[2] sobre una propiedad inmueble situada en

---

[1] *Demanda,* Entrada Núm. 1 en Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI).
[2] *Contrato Vencido,* Entrada Núm. 3 en SUMAC TPI, Anejo 1.

Villa Carolina, Puerto Rico ("la propiedad"), y que dicho contrato se encontraba vencido desde la fecha del 15 de abril de 2024. Sostuvo que la señora Toledo continuó disfrutando de la propiedad en precario y en contra de su voluntad expresa. A tenor, solicitó al foro primario que declarase *Con Lugar* el desahucio y decretase el desalojo de la parte apelante y, por consiguiente, le ordenase el pago de costas y honorarios de abogado.

Por su parte, el 30 de mayo de 2024, la parte apelante compareció mediante *Moción Asumiendo Representación Legal y Solicitud de Desestimación*[3] bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Adujo que la señora Reyes no acreditó mediante evidencia su legitimación para incoar la acción de desahucio, puesto que esta no era titular de la propiedad objeto de la controversia. Añadió que, toda vez que la apelante continuó efectuando los pagos de arrendamiento y la apelada continuó aceptándolos sin objeción, el contrato de arrendamiento permanecía vigente al amparo de la figura de tácita reconducción.

En la misma fecha, la parte apelada compareció mediante *Moción Sometiendo Testamento y Certificación*.[4] Manifestó que el inmueble en controversia le fue adjudicado con cargo al tercio de libre disposición, en virtud del *Testamento Abierto*[5] otorgado por el señor Felipe Castillo Lamboy. En adición, sostuvo que en el referido testamento fue nombrada como Albacea Universal y Administradora de los bienes del caudal. A tenor,

---

[3] *Moción Asumiendo Representación Legal y Solicitud de Desestimación,* Entrada Núm. 7 en SUMAC TPI.
[4] *Moción Sometiendo Testamento y Certificación,* Entrada Núm. 8 en SUMAC TPI.
[5] *Id.,* al Anejo 1.

solicitó al foro primario que denegase la desestimación solicitada por la apelante y, por tanto, decretase el desahucio.

Celebrada la *Vista de Desahucio*[6] el 30 de mayo de 2025, y evaluadas las posturas de ambas partes, el Tribunal de Primera Instancia emitió y notificó una *Resolución*[7] el 31 de mayo de 2025, declarando *No Ha Lugar* la desestimación solicitada. Igualmente, emitió y notificó su *Sentencia*[8] en la misma fecha. Mediante el referido dictamen, el foro primario declaró *Con Lugar* la demanda de epígrafe y ordenó el desalojo de la parte apelante concediéndole un término de treinta (30) días para ello. Asimismo, le impuso una fianza de Apelación a la señora Toledo por la cantidad de ochocientos dólares ($800.00).

Inconforme, la parte apelada compareció en la misma fecha mediante *Moción de Reconsideración a Fijación de Fianza en Apelación*.[9] Manifestó que, a su juicio, hubo falta del debido proceso de ley en la vista de desahucio. Sostuvo que se encontraba en un estado de insolvencia y, por ende, su representación legal fue asumida por la Oficina Legal de la Comunidad ("OLC") y el Proyecto de Desarrollo Económico Comunitario y Derecho a la Ciudad ("Proyecto DeCiudad"), quienes prestaban servicios junto a la Clínica de Asistencia Legal de la Facultad de Derecho en la Universidad Interamericana de Puerto Rico. Por lo cual, solicitó al foro primario que le eximiera de los gastos de prestación de la fianza de Apelación por ser una persona de escasos recursos bajo los

---

[6] *Minuta,* Entrada Núm. 13 en SUMAC TPI.
[7] *Resolución,* Entrada Núm. 9 en SUMAC TPI.
[8] *Sentencia,* Entrada Núm. 10 en SUMAC TPI.
[9] *Moción de Reconsideración a Fijación de Fianza en Apelación,* Entrada Núm. 11 en SUMAC TPI.

criterios de elegibilidad sobre vulnerabilidad social y económica.

Asimismo, el 7 de junio de 2024, la apelante instó un *Escrito de Apelación*[10] ante esta *Curia*. En virtud de lo anterior, el 21 de junio de 2024, este foro emitió *Sentencia*[11] y resolvió que carecía de jurisdicción para atender el asunto. Por lo cual, ordenó su desestimación. Por su parte, el 3 de julio de 2024, la señora Reyes compareció ante el Tribunal de Primera Instancia mediante *Moción Solicitando Lanzamiento*.[12]

El 9 de julio de 2024 acontecieron varias incidencias procesales. En primer término, el foro primario emitió una *Resolución*[13] declarando *No Ha Lugar* la moción de reconsideración presentada por la parte apelante, por entender que la misma era improcedente al tratarse de un procedimiento sumario de desahucio. A su vez, emitió *Resolución*[14] declarando *Ha Lugar* el lanzamiento solicitado y, por consiguiente, la continuación de los procedimientos. A la luz de lo anterior, la señora Toledo compareció mediante *Urgente Moción Informativa Notificando Moción de Reconsideración en el Tribunal de Apelaciones y Solicitud de Paralización del Lanzamiento*.[15] Asimismo, la señora Toledo compareció ante este foro revisor mediante *Moción Urgente Solicitando Orden Provisional en Auxilio de Jurisdicción*,[16] y se emitió *Resolución*[17] declarando *Ha*

---

[10] *Escrito de Apelación,* Entrada Núm. 14 en SUMAC TPI.
[11] *Sentencia,* Entrada Núm. 17 en SUMAC TPI.
[12] *Moción Solicitando Lanzamiento,* Entrada Núm. 18 en SUMAC TPI.
[13] *Resolución,* Entrada Núm. 20 en SUMAC TPI.
[14] *Resolución,* Entrada Núm. 21 en SUMAC TPI.
[15] *Urgente Moción Informativa Notificando Moción de Reconsideración en el Tribunal de Apelaciones y Solicitud de Paralización del Lanzamiento,* Entrada Núm. 22 en SUMAC TPI.
[16] *Moción Urgente Solicitando Orden Provisional en Auxilio de Jurisdicción,* Entrada Núm. 26 en SUMAC TPI, Anejo 1.
[17] *Resolución,* Entrada Núm. 27 en SUMAC TPI.

*Lugar* la referida moción.  Así pues, el foro primario emitió *Orden*[18] paralizando los procesos en tanto culminase el trámite apelativo.

Según surge de los autos, posteriormente, este foro revisor denegó la reconsideración solicitada.  Así las cosas, el 12 de agosto de 2024, la parte apelante compareció mediante *certiorari* ante el Tribunal Supremo de Puerto Rico.  El 13 de agosto de 2025, nuestro más Alto Foro emitió *Sentencia*[19] revocando el dictamen del Tribunal de Apelaciones y ordenando la devolución del caso al foro primario para determinar si las organizaciones sin fines de lucro que representaron a la señora Toledo estaban cubiertas por la Ley Núm. 81 de 26 de junio de 1964, 4 LPRA sec. 303a *et seq.;* y si la parte apelante cumplía con los requisitos para beneficiarse de la Ley Núm. 122 de 9 de junio de 1967, 32 LPRA sec. 1500 *et seq.*, eximiéndola del pago de la fianza de Apelación.

El 26 de agosto de 2025, el foro primario emitió una *Resolución,*[20] en la cual determino que las organizaciones que representaron a la parte apelante no estaban cubiertas por la Ley Núm. 81, *supra;* ni por la Ley Núm. 122, *supra.*  Por consiguiente, ordenó la celebración de una Vista de Indigencia el 17 de septiembre de 2025.  De lo anterior, el 9 de septiembre de 2025, la señora Toledo compareció mediante *Solicitud de Reconsideración,*[21] la cual fue declarada *No Ha Lugar* el 12 de septiembre de 2025 mediante *Resolución Interlocutoria.*[22]

---

[18] *Orden,* Entrada Núm. 28 en SUMAC TPI.
[19] *Sentencia,* Entrada Núm. 40-41 en SUMAC TPI.
[20] *Resolución,* Entrada Núm. 42 en SUMAC TPI.
[21] *Solicitud de Reconsideración,* Entrada Núm. 46 en SUMAC TPI.
[22] *Resolución Interlocutoria,* Entrada Núm. 49 en SUMAC TPI.

Consecuentemente, el 15 de septiembre de 2025, la parte apelante acudió ante esta *Curia* mediante *Solicitud de Certiorari*.[23] Así pues, el 10 de noviembre de 2025, este foro revisor emitió *Sentencia*.[24] En síntesis, concluyó que el foro primario erró al determinar que la OLC y el Proyecto DeCiudad no se encontraban cobijados por las exenciones al amparo de la Ley Núm. 81, *supra*, y la Ley Núm. 122, *supra*. Por lo cual, ordenó la revocación del dictamen recurrido y la devolución al foro primario para que procediese conforme a lo resuelto.

En vista de lo anterior, el 27 de enero de 2026, el Tribunal de Primera Instancia emitió *Sentencia Enmendada*.[25] En la misma, declaró *Con Lugar* la demanda de epígrafe; ordenó el desalojo de la señora Toledo en un término de treinta (30) días y, eximió a la parte apelante del pago de la fianza de Apelación. Posteriormente, el 30 de enero de 2026, la parte apelante compareció mediante *Moción Urgente Solicitando Enmienda a la Sentencia*.[26] Mediante la referida, la señora Toledo solicitó que se enmendase la sentencia notificada para incluir notificaciones dirigidas al Departamento de la Familia y al Departamento de Vivienda, agencias que alegó debían ser notificadas por tratarse de una familia de probada insolvencia económica. Por consiguiente, el 2 de febrero de 2026, el foro primario emitió *Sentencia Enmendada*,[27] expidiendo las notificaciones solicitadas por la parte apelante.

---

[23] *Solicitud de Certiorari,* Entrada Núm. 50 en SUMAC TPI.
[24] *Sentencia,* Entrada Núm. 58 en SUMAC TPI.
[25] *Sentencia Enmendada,* Entrada Núm. 62 en SUMAC TPI.
[26] *Moción Urgente Solicitando Enmienda a la Sentencia,* Entrada Núm. 63 en SUMAC TPI.
[27] *Sentencia Enmendada,* Entrada Núm. 64 en SUMAC TPI.

Aún inconforme, el 9 de febrero de 2026, la señora Toledo Santana comparece ante nos mediante recurso de *Apelación*[28] y plantea tres (3) señalamientos de error cometidos por el foro primario, a saber:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA SIN CELEBRAR LA VISTA EN SU FONDO Y ORDENANDO EL DESAHUCIO DE LA DEMANDADA-APELANTE, FUNDAMENTANDO SU DECISIÓN EN PRUEBA A LA QUE NO TUVO ACCESO LA PARTE DEMANDADA APELANTE Y QUE TAMPOCO FUE ESTIPULADA, AUTENTICADA NI ADMITIDA COMO REQUIEREN LAS REGLAS DE EVIDENCIA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RECONOCERLE LEGITIMACIÓN ACTIVA A LA DEMANDANTE-APELADA PARA PRESENTAR LA ACCIÓN DE DESAHUCIO SIN LA COMPARECENCIA Y SIN QUE CONSTARA AUTORIZACIÓN DE LOS DEMÁS MIEMBROS DE LA SUCESIÓN DE FELIPE CASTILLO LAMBOY, QUIENES SON PARTES INDISPENSABLES, RAZÓN POR LA CUAL SU DICTAMEN ES NULO.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA DE DESAHUCIO CONTRA LA PARTE APELANTE SIN HABER NOTIFICADO LA DEMANDA AL DEPARTAMENTO DE LA FAMILIA Y DEPARTAMENTO DE VIVIENDA, Y, EN CONSECUENCIA, SIN REQUERIRLES RESPECTIVAMENTE LA PRESENTACIÓN DE UN INFORME, SEGÚN DISPONEN EL ARTÍCULO 623 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL DE 1930.

El 10 de febrero de 2026, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en el Reglamento de este Tribunal, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, para presentar su alegato.

Transcurrido el término para presentar su posición, la parte apelada, no compareció. Por consiguiente, resolvemos sin gestiones ulteriores.

**II.**

**-A-**

Nuestro Tribunal Supremo ha expresado en torno al desahucio que, este es "el mecanismo que tiene el

---

[28] *Apelación,* Entrada Núm. 1 en el Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA).

dueño o la dueña de un inmueble para recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020); *Payano v. SLG Cruz Pagán*, 209 DPR 876 (2022). El desahucio puede ser solicitado mediante un proceso sumario u ordinario. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). El procedimiento de desahucio sumario está reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. *Íd.; Payano v. SLG Cruz Pagán*, supra; *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016). Esta reglamentación responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar su propiedad ha sido interrumpido. *Íd.; Cooperativa v. Colón Lebrón*, supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez,* supra, pág. 240. Según el Artículo 620 del Código de Enjuiciamiento Civil, **las personas que pueden instar una acción de desahucio son los dueños de la finca, sus apoderados, los usufructuarios o cualquier otro que tenga derecho a disfrutarla y sus causahabientes.** (Énfasis nuestro.) 32 LPRA sec. 2821.

Es preciso señalar que, mediante la Ley Núm. 86-2011, se enmendó el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, con el fin de reducir el término para apelar una sentencia de desahucio. En el citado estatuto, el legislador plasmó su clara intención en la *Exposición de Motivos*, que en su parte pertinente dispone:

> Las personas que optan por ofrecer sus viviendas para alquiler son selectivas en el proceso, con el fin de minimizar su riesgo como arrendador. A manera de ejemplo, una de las principales quejas de éstos es que el trámite de desahucio resulta muy extenso en los tribunales, debido a, entre otras cosas, constantes suspensiones, lo que resulta en consecuencias desfavorables para el arrendador. Ley Núm. 86-2011, *supra*.

Conocido es que, en la acción de desahucio, solo puede discutirse el derecho a la posesión de un inmueble. *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 748 (1987). De existir un conflicto de título, no procede la tramitación sumaria de un desahucio, por lo que deberá dilucidarse en un juicio ordinario. *CRUV v. Román*, 100 DPR 318, 329 (1971).

En consonancia con lo anterior, puesto que lo único que se busca recobrar en la acción de desahucio es la posesión de hecho, nuestro Tribunal Supremo ha expresado en "reiteradas ocasiones que en la acción sumaria debe limitarse la concurrencia o consolidación de otras acciones o defensas. Por ello, cuando el demandado presenta otras defensas afirmativas relacionadas con la acción de desahucio, éste puede solicitar que el procedimiento se convierta al trámite ordinario." *Jiménez v. Reyes*, 146 DPR 657 (1998); *Mora Dev. Corp. v. Sandín*, *supra,* págs. 747-748; *ATPR v. SLG Volmar Mathieu,* supra, pág. 10.

Ahora bien, con relación a las defensas que pueden ser planteadas por la parte demandada, nuestra última instancia judicial ha reconocido que estas "deberán ser alegadas oportunamente por el arrendatario, de manera que no dilate innecesariamente los procedimientos. Esta casuística arroja una sola conclusión: una vez esgrimidas estas defensas, el juzgador deberá auscultar

sus méritos, los hechos específicos que se aducen y discrecionalmente ordenar la conversión del procedimiento al juicio ordinario." *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 245-246 (1992).

Pertinente a la controversia que nos ocupa, es meritorio señalar que, desde tiempos inmemoriales, nuestra última instancia judicial ha puntualizado que en el trámite sumario deben considerarse estrictamente la recuperación de la posesión material en los casos determinados por ley. Sobre este particular, en Fernández *& Hno. V. Pérez*, 79 DPR 244, 247-248 (1956) el Tribunal Supremo de Puerto Rico señaló que:

> La única función del procedimiento de naturaleza sumaria que establece la ley para el desahucio es recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. El beneficio de la economía y rapidez del trámite sumario se perdería si la acción no queda restringida a la consideración y resolución de la cuestión estricta para la que se ha creado: la recuperación de la posesión material en los casos determinados por la ley. De ahí que el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponde a la acción ordinaria y que el único pronunciamiento en la sentencia de desahucio es si procede o no ordenar el desalojo.

**-B-**

En cuanto a la presentación de evidencia en procedimientos de desahucio, el Código de Enjuiciamiento Civil establece en su artículo 626 que "[l]as pruebas documentales de que hayan de valerse el demandante y el demandado, respectivamente, deberán presentarse en el acto de la comparecencia prescrita en el artículo 623." 32 LPRA sec. 2827.

Es doctrina general establecida por nuestro más Alto Foro, que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. A tono con tal doctrina si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio. Tal conflicto, debe ser dilucidado en el juicio declarativo correspondiente; pero no se debe extender este principio a casos en que no hay posibilidad de título en favor de la parte demandada. (Citas omitidas). *CRUV v. Román, supra,* págs. 321-322.

-C-

Según surge de su *Exposición de Motivos*, la Ley Núm. 6 del 26 de junio de 1980 fue aprobada con el propósito de enmendar los artículos 623 y 635 del Código de Enjuiciamiento Civil, requiriendo que toda acción y sentencia de desahucio contra familias de insolvencia económica fuese notificada a los Secretarios de los Departamentos de la Familia y de la Vivienda. *Reyes Santaella v. Toledo Santana,* 2025 TSPR 76, pág. 10, 216 DPR __ (2025). Según enmendado, el Artículo 623 del Código requiere, una vez se convoque al actor y al demandado para comparecencia, "**si en dicha vista quedare demostrado que el mandamiento es contra una familia de probada insolvencia económica,** el tribunal ordenará que se notifique a los Secretarios de los Departamentos de Servicios Sociales y de la

Vivienda, con copia de la demanda de desahucio promovida". (Énfasis nuestro.) 32 LPRA sec. 2824; *Reyes Santaella v. Toledo Santana, supra.* Estas agencias deben evaluar la condición socioeconómica de la familia y brindarán la ayuda social que esté justificada; además, deben rendir un informe al tribunal sobre las ayudas a las que la familia tenga derecho. *Id.* De igual forma, la Ley Núm. 86-2011 enmendó el Artículo 632 del Código de Enjuiciamiento Civil sobre el lanzamiento para que lea como sigue:

> […] En aquellos casos en que el tribunal haya determinado la insolvencia económica de la familia contra la cual procede el desahucio, se notificará una copia de la sentencia, inmediatamente, a los Secretarios de los Departamentos de la Familia y de la Vivienda, para que estas agencias continúen brindando los servicios a la familia afectada. En estos casos, el término para el lanzamiento será de veinte (20) días improrrogables, los cuales comenzarán a contarse a partir de la fecha de dicha notificación.

> No podrá verificarse el lanzamiento de ninguna familia de probada insolvencia económica, a menos que esté presente al momento de efectuarse el mismo, un funcionario del Departamento de la Familia y del Departamento de la Vivienda, designado por el Secretario de dicho Departamento, respectivamente, quien velará por la seguridad física y emocional de la familia desahuciada. El Alguacil del tribunal coordinará la comparecencia de dicho funcionario con la oficina más cercana de la agencia al lugar donde se realice el desahucio. […] 32 LPRA sec. 2836.

–D–

En nuestro ordenamiento jurídico no se favorece la intervención de los foros apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, en ausencia de pasión, prejuicio, parcialidad o error

manifiesto. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959). Sobre el particular, el Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 753 (2013).

Esta norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello." *Pueblo v. Cabán Torres*, 117 DPR 645, 648 (1986).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Véase, además *Monllor Arzola v. Sociedad de Gananciales,* 138 DPR 600, 610 (1995). No obstante, si de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica

nuestra intervención. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez*, 116 DPR 172, 181 (1985).

### III.

En el caso de autos, la señora Omara Toledo Santana nos solicita la revisión de una Sentencia Enmendada emitida por el foro primario y nos plantea la comisión de tres (3) errores. Por la naturaleza de los errores, procederemos a discutir conjuntamente el primer y segundo error; posteriormente, atenderemos el tercer error de manera individual. Veamos.

La apelante alega que erró el foro primario al dictar sentencia sin celebrar la vista en su fondo y ordenando su desahucio, fundamentando su decisión en prueba a la que no tuvo acceso la parte apelante y que tampoco fue estipulada, autenticada ni admitida. Sostuvo además que, erró el Tribunal de Primera Instancia al reconocerle legitimación activa a la apelada para presentar la acción de desahucio sin la comparecencia y autorización de los demás miembros de la sucesión del señor Castillo como partes indispensables, por lo cual su dictamen era nulo. Cabe destacar que, según surge de los autos, la vista en su fondo fue celebrada el 30 de mayo de 2024 mediante videoconferencia. Ahora bien, en cuanto a los planteamientos sobre la evidencia presentada y la cuestionada titularidad de la parte apelada, conocido es que en la acción de desahucio solo puede discutirse el derecho a la posesión de un inmueble. *Mora Dev. Corp.*

*v. Sandín, supra.* Dicho lo anterior, del expediente surge que entre las partes existía un contrato de arrendamiento mediante el cual la apelante reconocía a la apelada como arrendadora del inmueble. Tal reconocimiento evidencia una admisión clara por parte de la apelante, sobre el derecho que ostentaba la señora Reyes respecto a la propiedad en su carácter de arrendadora. Ello resulta incompatible con cualquier ulterior impugnación de dicha titularidad. Asimismo, nuestro ordenamiento jurídico no circunscribe la acción de desahucio exclusivamente a los titulares registrales de la propiedad. El Código de Enjuiciamiento Civil reconoce legitimación activa, no solo a los dueños del inmueble, sino que también a "cualquier persona que tenga derecho a disfrutarla y sus causahabientes." 32 LPRA sec. 2821. Por otro lado, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia.

Ahora bien, en los casos en que surge un conflicto de título que haga improcedente la acción de desahucio, esta debe dilucidarse en un juicio ordinario. No obstante, no se debe extender este principio a casos en que no hay posibilidad de título en favor de la parte demandada. *CRUV v. Román*, *supra*. A fin de impugnar la titularidad de la señora Reyes, correspondía a la apelante producir prueba suficiente que demostrase la existencia de algún derecho a ocupar el inmueble o que ostentaba un título tan bueno o mejor que el de la apelada sobre la propiedad en controversia. Mas allá de la existencia de un contrato de arrendamiento, ya vencido, y de su condición de arrendataria, la señora Toledo no logró acreditar un derecho sobre la propiedad

ni desvirtuar el derecho de la señora Reyes sobre la misma. Por lo cual, concluimos que no tienen méritos sus alegaciones.

Por último, nos plantea la apelante que erró el tribunal de primera instancia al dictar sentencia de desahucio contra la parte apelante sin haber notificado la demanda al departamento de la familia y departamento de vivienda, y, en consecuencia, sin requerirles respectivamente la presentación de un informe, según disponen el Artículo 623 del Código de Enjuiciamiento Civil de 1930. Nuestro ordenamiento jurídico ha sido enfático en que, las defensas presentadas en procedimientos de desahucio deberán ser alegadas oportunamente por el arrendatario, de manera que no dilaten innecesariamente los procedimientos. El Artículo 623 del Código de Enjuiciamiento Civil, *supra*, dispone que, si durante la vista de desahucio queda demostrado que el mandamiento es en contra de una familia "de probada insolvencia económica", el foro primario habrá de notificar a los Secretarios de los Departamentos de la Familia y de la Vivienda copia de la demanda de desahucio que se promueve.

De los autos se desprende que, durante la vista de desahucio, la parte apelada no aportó prueba que acreditara su insolvencia. Por ello, no resultó requerida la notificación a los secretarios de ambas agencias ni la remisión de los informes en esa etapa procesal. Antes bien, el planteamiento relativo a la insolvencia económica de la señora Toledo se presentó por primera vez mediante la *Moción de Reconsideración,*[29]

---

[29] *Supra.*

en fecha posterior al dictamen del foro primario en el que declaró *Ha Lugar* el desahucio. En cuanto a la notificación de la sentencia, surge de los autos que, mediante la *Sentencia Enmendada*,[30] el foro primario emitió notificación con copia de la sentencia a los Secretarios de los Departamentos de la Familia y de la Vivienda. Por lo cual, no tiene méritos su alegación.

### IV.

Por los fundamentos expuestos, **CONFIRMAMOS** el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[30] *Supra.*